Taylor *v.* Taylor et al.

SAMUEL S. TAYLOR, Appellant, *v.* GEORGE TAYLOR *et al.*, owners of the steamboat H. D. Bacon, Appellees.

APPEAL FROM ALEXANDER.

An action for money had and received, may be maintained, whenever the defendant has obtained money of the plaintiff, which in equity and good conscience the defendant has no right to detain.

All the acts of an agent, performed under the direction of his principal, and within the scope of his agency, will bind the principal, and will be regarded as his own acts.

THE above entitled cause was instituted by the appellees against the appellant, prior to the April term of the Alexander Circuit Court, A. D. 1856, and was tried before PARISH, Judge of said court, without a jury, at the October term, 1856, of said court.

The declaration was in assumpsit, upon the common money counts; among them a count for " money had and received," to which the defendant pleaded " non-assumpsit," and on which issue was joined.

Upon trial, the plaintiffs introduced as a witness, *William A. Hacker*, who testified that he was and had been for some time acquainted with defendant, but was unacquainted with plaintiffs. He thought that Samuel S. Taylor was the United States mail agent at Cairo, in the fall of 1854 ; witness was appointed Mr. Taylor's successor in 1855, and received the books and papers from him.

The plaintiffs next introduced *Thomas J. Wood* as a witness, who testified that he knew the steamboat H. D. Bacon, and some of the plaintiffs, if not all, and also was acquainted with defendant, and had been for some years ; defendant acted as mail agent in the fall of 1854 ; so acted in November and December of that year, but did not act personally in that capacity. When he first took charge of the business, Mr. Candee acted in his place ; but in the spring of 1854, myself and others, constituting the firm of T. J. Wood & Co., having fitted up the Patrick Henry, (a steamboat,) as a wharf-boat, commenced doing a forwarding, storage and commission business, and made an arrangement with defendant to transact his duties as United States mail agent, to receive and forward the mails, pay all transportation charges, ship the mails, and the like ; we fitted up a room on the boat for the mail matter, and our clerk did all the business ; we paid the clerk $75 per month, and have understood that defendant also paid him something ; we continued to do so until the spring of 1855 ; and did all the business during the fall of

1854, in the month of November as well as December ; Mr. Taylor did not give his personal attention to the mail matters, except to see that the clerk did his business properly ; if any money was paid or charges advanced for the H. D. Bacon, it was to our clerk, who did the mail business ; we did the business with the H. D. Bacon, and all other mail boats, at that time.

The plaintiffs next introduced the deposition of *Arthur Stewart*, taken in Pittsburgh, Pennsylvania, who testified as follows : He was not acquainted with either of the parties to the foregoing suit ; that to the best of his recollection, the H. D. Bacon carried the United States mail from New Orleans to Cairo, in the month of November, 1854 ; and the steamboat Yorktown, from Cairo to Louisville ; that the Bacon's charges for said services were $80, and the Yorktown's, $20 ; witness paid the charges of the H. D. Bacon to the mail agent at Cairo, which was $80 ; paid in the month of November or December, 1854, to the best of witness' recollection.

The plaintiffs next introduced the deposition of *A. D. G. Consol*, taken in New Orleans, who testified as follows : Knows the plaintiffs, and has for over two years ; knows that George Taylor, John Lowrie and Martin Burke were the owners of the steamboat H. D. Bacon, in the months of November and December, 1854, so far as he is informed ; that the mail agent at New Orleans shipped on board the H. D. Bacon, a mail, consisting of a a number of mail bags, consigned, per way bill or contract, to the postmaster at Louisville, Kentucky, the mail to be delivered at the different offices mentioned in said way bill, between New Orleans and Cairo ; and the mail bags for the offices between Cairo and Louisville to be delivered to the mail agent, for which he was to pay to the steamboat H. D. Bacon the sum of $80. The mail was delivered to the mail agent at Cairo ; at the time of delivering the mail, the way bill had been left at one of the offices below ; the mail agent said he would forward the mail, and pay the H. D. Bacon her portion, $80, on her return. On the return of the boat, he said the way bill had been received in time to accompany the mail, and was all correct ; that he had not the amount in the office at the time—that he was short of funds, or something to that effect—that he would pay it on the upward trip of the boat ; on the upward trip of the boat, witness made inquiry and learned that he was absent. On the same trip that the Louisville mail was delivered to him, and not paid for, the Bacon had another mail for St. Louis, consigned to the postmaster at that place, which was signed by the Cairo agent, for the number of bags entered on the bill at Cairo, which was recognized, and regularly paid for by the postmaster at St.

Louis. The amount to be received for carrying said mail was $80; that was the amount usually paid for carrying the mail from New Orleans to Cairo; the mail agent at Cairo agreed to pay the charge of $80 for carrying said mail; this promise induced us to leave the mail and go on without it.

The foregoing was all the evidence. The court rendered a verdict for the plaintiffs for $80 and costs.

The defendant entered his motion for a new trial, which was overruled by the court, and judgment accordingly entered. Defendant appealed to this court.

I. N. HAYNIE, for Appellant.

R. S. NELSON, for Appellees.

WALKER, J. It seems that there can be no reasonable doubt, that the clerk of T. J. Wood & Co. was the agent of appellant. The evidence shows that he so acted, and was recognized as such, in the performance of the various duties of mail agent. Appellant had employed the firm of T. J. Wood & Co. to discharge these duties, and they assign them to this clerk, and it appears that he acted under the direction of appellant. Wood testifies that appellant did not give the business his personal attention, further than to see that the clerk did the business of the agency correctly. Whether the clerk was originally employed by Wood & Co., or by appellant, can make no difference, if he recognized him as his agent.

The other witnesses testify that the business was transacted with the acting agent, at Cairo, and this clerk performed these duties, as the evidence shows. It then follows that all the acts of this agent, performed under the direction of appellant, or within the scope of his agency, must bind appellant, and be regarded as his own. And if this clerk received money to pay to appellees, and that was a part of the duties devolving upon the mail agent, then his receipt of the money must be regarded as that of appellant. It would seem from the evidence, that he contracted with Wood & Co., to receive and forward the mails, to pay transportation charges on them, etc.; and it seems that a part of the duty of the mail agent was to pay the price of transportation of these mails, and it is only reasonable to suppose that the Government had arrangements by which the means came into his hands for the purpose, and that the receipt of such money was as much a part of the agent's duty as that of forwarding the mails after they were received.

It appears from the evidence, that when the mail was brought from New Orleans to Cairo, that the boat transporting the

New Orleans mail from that point to Louisville, paid the charges for bringing it from New Orleans to Cairo, and had the money refunded to it by the postmaster at Louisville; and the money advanced by the Louisville boat, upon receiving the mail, was paid to the boat to which it was due, for bringing it from New Orleans to Cairo. And in this manner the money passed through the hands of the acting mail agent at Cairo, as a part of his business. And Stewart, the captain of the Yorktown, testifies that he paid to the agent at Cairo eighty dollars, to be paid to the H. D. Bacon, for bringing the Louisville mail from New Orleans to Cairo, at the time that mail was delivered to him, and the agent promised to pay it to the H. D. Bacon. The evidence also shows that when the H. D. Bacon left that mail at Cairo, the way bill had been left at some point below and the charges of the boat for bringing it, for that reason, could not be paid. But this agent agreed, that on the return of the boat, the next trip, he would pay the money, and on the return of the boat he said he had received the way bill, which was all correct, and he would pay the eighty dollars on the next return of the boat, but when it did return, he was inquired for, but was absent. The evidence fails to show that the money was ever paid.

It then remains to inquire, whether appellant is liable to pay the money thus received by his agent. It is the well recognized doctrine, that the action for money had and received may be maintained, whenever the defendant has obtained money of the plaintiff, which in equity and conscience he has no right to retain. And in Comyn's Digest, title Assumpsit, letter E, it is said : "If money be given to A, to deliver to B, that B may have this action." And Roll's Abridgment and Hardress R. 321, are referred to as authorities. This doctrine seems to be recognized by more modern authorities, both in this country and in Great Britain. *Hall* v. *Marston,* 17 Mass. 578; M. and S. 578; 1 Chit. Pl. 387. When money has been thus received, the law implies a promise to pay, notwithstanding there was no privity between the parties. *Buckner* v. *Patterson,* Litt. Sel. Ca. 234. We are satisfied with the doctrine as recognized by these authorities, and are disposed to follow them. They are based on principles of equity, and are well calculated to promote justice, by avoiding circuity of action, and cutting off useless litigation.

We are unable to perceive any error in this record, for which the judgment of the Circuit Court should be reversed, and therefore the same should be affirmed.

*Judgment affirmed.*