JOHN HURLEY

*v.*

E. WALTON, Admr.

PARTNERSHIP—*what constitutes.* The joining of two or more persons in a single adventure, in which the profits are to be equally divided, does not constitute them co-partners in such sense as will oust a court of law of its jurisdiction in respect thereto.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. FULLERTON & ROGERS, for the appellant.

Messrs. DEARBORN & CAMPBELL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The principal question involved in this case is, whether the circuit court had jurisdiction of the subject matter in controversy betwen the parties. The suit was originally commenced before a justice of the peace, and was removed to the circuit court by appeal, where a trial was had, resulting in a verdict for appellee.

That appellant, and Page in his lifetime, were at one time partners in the fishing business, is more than probable, from the evidence; but the question is presented, whether they were partners in the particular transaction out of which the present claim arose.

It appears from the evidence that the appellant and Page joined their seines and other fishing apparatus with that of Curtis Hurley & Son, in a joint enterprise for fishing. The parties made a single haul, in which they secured a large amount of fish. In the enterprise, Hurley & Son were to have one-half of the fish taken, and the appellant and Page the other half.

The appellant got more than one-half of the one-half of the fish, and this suit was instituted by the appellee, as administrator, to recover for the just proportion due the estate of Page.

This is the only transaction in which the parties were engaged with Hurley & Son, and it may be regarded as a single adventure, in which the parties were only jointly interested. If so, it lacks all the elements to constitute a partnership, in the legal sense of that term.

In this view of the facts, the third and fifth instructions, to which exceptions were taken on the trial, although they may not have been as accurately drawn as they ought to have been,

could not have misled the jury to the injury of the appellant.

We think that the evidence in the record will bear the construction that we have given to it, and we should be reluctant to give any forced construction to it that would oust a common law court of its jurisdiction, and drive the parties to a court of chancery, where the litigation would necessarily be expensive.

Upon mature consideration of all the evidence in the record, we are of opinion that the transaction out of which the present claim arose, may be regarded as a single adventure between the parties, in which they were only jointly interested, and, therefore, wanting in all the elements to constitute a copartnership.

Substantial justice having been administered between the parties, the judgment must be affirmed.

*Judgment affirmed.*