GEORGE W. PERRY *vs.* WILLIAM HALE & others.

</div>

Essex.   Nov. 4, 1886. — Feb. 23, 1887.   DEVENS, W. ALLEN, & HOLMES, JJ., absent.

If a person is induced by the fraudulent representations of the promoter of a corporation to subscribe for shares of stock in the corporation, and pays his subscription to the person holding the office of treasurer, he cannot, by rescinding the contract, maintain an action for money had and received against the other shareholders, even if the incorporation is invalid, and the shareholders are partners.

CONTRACT, against William Hale, Hazen M. Chase, Aaron H. Saltmarsh, Cyrus D. Furber, Joab Peasley, George A. Hall, Richard Webster, Romanzo Trefethen, G. W. Wentworth, Leonard V. Spaulding, and Jacob M. Willey.   Writ dated May 15, 1885.   The declaration contained three counts.   The first count alleged that the plaintiff had paid the defendants $50, under a contract for the purchase of certain shares in an alleged corporation called the American Iron Glass Pipe and Plate Company, which contract he had since rescinded for legal cause and for false representations made to him; and a demand and refusal. The second count differed from the first in alleging that there was no such corporation as the American Iron Glass Pipe and Plate Company.   The third count was for money had and received.   Answer, a general denial.

Trial in the Superior Court, before *Aldrich*, J., who, at the close of the plaintiff's evidence, directed the jury to return a verdict for the defendants; and reported the case for the determination of this court. If the ruling was correct, judgment was to be entered on the verdict; otherwise, the verdict to be set aside as to all or such of the defendants as the court should determine. The nature of the evidence appears in the opinion.

*C. U. Bell*, for the plaintiff.

*E. T. Burley*, for the defendants other than Saltmarsh.

C. ALLEN, J. The plaintiff contends that he was induced to take shares in the company by the fraud of Saltmarsh; that the company was not incorporated; that it is open to him to deny the validity of the attempted incorporation; that he was entitled to rescind his contract of purchase of shares and to withdraw from the company, and to treat his membership as void from the beginning; that he has done all that he could do to make such rescission and withdrawal effectual; and that the result is that the other members of the company are liable to him in an action at law, for money had and received, as partners or otherwise, for the repayment of the money which he paid for his shares.

Assuming, without deciding, that all the earlier propositions are well maintained, the result contended for does not follow. The plaintiff does not charge fraud upon any of the defendants except Saltmarsh. There is nothing to show that any other defendant was associated with Saltmarsh in the alleged fraud. It appears that as many as seventy-five persons became members of the company, and acted as stockholders. The plaintiff himself acted as a stockholder for more than a year. There were formal articles of association, officers were chosen to manage the company's affairs, and the plaintiff's payments were made to two different persons who successively acted as the company's treasurer. It is clearly to be inferred that his payments and the payments made by the other stockholders went into a common fund. So far as appears, Saltmarsh was the chief, if not the only, promoter of the company; and other persons, even the other defendants themselves, who constituted but a portion of the members of the company, may have taken their shares under circumstances and representations similar to those which led the

plaintiff to purchase his. Works were erected at a cost of $25,000, and business was begun. Four of the defendants were seen taking part in the work or business; and as to the other defendants there is no evidence except what appears by the papers showing the attempted organization of the company as a corporation, and the action taken at various meetings, and a return of the company's condition to the Secretary of State of New Hampshire. There is nothing to show that any one of the defendants, except Saltmarsh, was other than a *bona fide* stockholder, like the plaintiff himself.

Under these circumstances, even assuming that the relation of the members was that of partners, we are at a loss to see how the defendants can be jointly held to make repayment to the plaintiff. In the simple case where two parties only are concerned, namely, the partner defrauded and the partner defrauding, and there is nothing to do but to repay the money advanced by the former, a remedy in this form may exist. But in the present case, the money paid in by each stockholder was received by all the persons who were members of the company, including those who made the payments. The plaintiff's money went into a fund whereof he was himself a part owner. If he is entitled to sue the others to recover it, they, if defrauded in like manner with him, may also severally make him a defendant in an action brought to recover the sum which they each paid into the common fund. His right to a rescission of the contract of partnership into which he was thus induced to enter did not entitle him to treat his membership as void from the beginning, for all purposes; it would not exonerate him from possible liability to creditors, or enable him to compel other members of the firm, as innocent as himself, to make good to him his loss. Such other members did not enter into any joint responsibility to him. Certainly, there was no joint express contract on their part. And the circumstances negative the idea of any joint implied contract to reimburse him. Being himself a joint recipient with them of his own payment, an action at law for money had and received is not adapted to furnish him relief. He cannot be both plaintiff and defendant. His remedy, if upon the facts he is entitled to any, is by an action of tort against the person or persons who practised the fraud upon him;

or, by a bill in equity to rescind the contract of partnership, to have the partnership articles cancelled as to him, and to compel those who practised the fraud to repay the money and to make further compensation and indemnity, if such relief is necessary. *Richards* v. *Todd,* 127 Mass. 167. *Smith* v. *Everett,* 126 Mass. 304. *Duff* v. *Maguire,* 99 Mass. 300. *Rawlins* v. *Wickham,* 3 DeG. & J. 304. 2 Lindl. Part. (4th ed.) 925, 927, *& seq.*

We have considered this case in the aspect which the plaintiff has thought most favorable to himself, namely, that, if the attempted organization of the company as a corporation was invalid, the members became partners. We have not inquired whether in law they became partners; as to which see *Ward* v. *Brigham,* 127 Mass. 24, 27, and cases there cited. If not partners, certainly the plaintiff's right to maintain his action is not increased.                    *Judgment on the verdict.*