HENRY GOTTSCHALK

*v.*

SAMUEL SMITH.

*Filed at Ottawa May 15, 1895.*

1. PARTNERSHIP—*single joint enterprise not a partnership.* An agreement by two persons to obtain from a third person a price for which he will sell his land, and to jointly and separately exert themselves to sell such land at an enhanced price and divide the profit between them, embracing no other transaction, does not constitute a partnership.

2. ASSUMPSIT—*for money had and received—when it lies.* An action for money had and received may be maintained for a share of the profits of a single joint enterprise, under an agreement that such profits should be equally divided, where the transaction is completed and the profits received by the defendant.

*Gottschalk* v. *Smith*, 54 Ill. App. 341, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

LACKNER & BUTZ, for appellant:

Where two or more parties agree together to purchase lands, taking the title thereto in the name of one of said parties, and further agree that they will each use their best efforts to sell said lands, and will divide equally the profits arising from such sales, said agreement creates the relation of partnership between said parties, and the profits derived from such sales are partnership funds. *Winstanley* v. *Gleyre*, 146 Ill. 27; *Boone* v. *Clark*, 129 id. 488; *Roby* v. *Colehour*, 135 id. 300; *Morrill* v. *Colehour*, 82 id. 626.

One partner cannot sue another, at law, for any matter relating to the partnership concerns, unless there has been a final settlement between them, a balance ascertained, and an express promise to pay the balance. *Burns* v. *Nottingham*, 60 Ill. 532; *Davenport* v. *Gear*, 2 Scam. 495; *Chadsey* v. *Harrison*, 11 Ill. 156.

Plaintiff had simply an action against defendant, the *gravamen* of which was the breach of a special contract. On this he should have declared specially. *Insurance Co.* v. *Baker*, 85 Ill. 410; *Russell* v. *Gilmore*, 54 id. 147.

ST. JOHN, FRENCH & MERRIAM, for appellee:

The joining of two or more persons in a single adventure, in which the profits are to be equally divided, does not constitute them partners, in such sense as will oust a court of law of jurisdiction. *Fawcett* v. *Osborn*, 32 Ill. 411; *Hawley* v. *Walton*, 63 id. 260; *Adams* v. *Funk*, 53 id. 219; *Snell* v. *DeLand*, 43 id. 323.

If the partnership business consists of a single venture or transaction, which is closed up and finished, and there are no accounts with third persons to adjust or debts to be provided for, the action at law may be maintained for an adjustment of the partnership affairs, though no final balance has been struck. *Clark* v. *Miller*, 36 Kan. 393; *Frye* v. *Potter*, 12 R. I. 542; *Wright* v. *Crunisty*, 41 Pa. St. 102; *Wheeler* v. *Wheeler*, 111 Mass. 247.

So long as the contract continues executory the plaintiff must declare specially, but when it has been executed on his part and nothing remains but payment in money by the defendant, the plaintiff may declare generally, using the common counts, or he may declare specially on the original contract, at his election.   Greenleaf on Evidence, sec. 104.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant and appellee agreed, each with the other, to obtain from one Hasberg, who owned one hundred and forty-seven acres of land in Cook county, a price for which he would sell the land, and that they would exert themselves, jointly and separately, to sell at an enhanced price and divide the difference or profit between them. Appellant, being better acquainted with Hasberg, undertook, at his own suggestion, to obtain Hasberg's price and the desired option.   Appellee took certain parties out to look at the land, and wrote appellant, enclosing certain clippings from newspapers, suggesting that the Illinois Central Railroad Company would probably want to purchase, but did not himself make any sale. Appellant negotiated a sale with the railroad company, took a conveyance of the property from Hasberg to himself at $120 per acre, and sold and conveyed it to the company for $150 per acre, realizing a profit of $4410, which he retained and refused to divide with appellee. Appellee then brought this action in assumpsit, for money had and received, for one-half of this amount.   The case was tried by the court, without a jury, and judgment was rendered for appellee for the amount claimed.   Appellant appealed to the Appellate Court, where the judgment was affirmed, and now prosecutes this appeal.

There are only two points relied on by appellant to reverse the judgments of the Appellate and circuit courts which appear to be of sufficient importance to be considered.   These contentions are:   First, that the transac-

tion constituted a partnership between appellant and appellee, and that appellee cannot recover his half of the profits in an action at law; and second, that if they were not partners then no part of the moneys received by appellant belonged to appellee, and that he could recover, if at all, only by declaring specially on the contract of appellant to pay appellee one-half of the amount he should receive as profits, and that the evidence was not admissible under the common count for money had and received.

Appellant insists that the trial court should have sustained his motion to exclude the evidence, and should have held certain propositions of law submitted to the court, based on these two theories of his defense. We cannot concur in this view, and are unable to discover any merit in appellant's defense. The transaction between the parties embraced only a single venture—that of the sale of a tract of land belonging to a third person. No losses or expenses were contemplated or involved. They simply agreed that they would render services in the joint enterprise they were to undertake, viz., that of selling this piece of land, and that each should have one-half of the excess received over the price the owner agreed to take. This was not sufficient to constitute a partnership. (*Hurley* v. *Walton*, 63 Ill. 260 ; *Fawcett* v. *Osborn*, 32 id. 411; *Adams* v. *Funk*, 53 id. 219 ; *Snell* v. *DeLand*, 43 id. 323.) When the money was received by appellant one-half of it belonged to appellee, and nothing remained to be done to complete the transaction but for appellant to pay over to appellee. It was money appellant had received which in equity and good conscience belonged to appellee. The evidence was properly admitted under the count for money had and received. *Taylor* v. *Taylor*, 20 Ill. 650 ; *Alderson* v. *Ennor*, 45 id. 128 ; *Belden* v. *Perkins*, 78 id. 449.

No error was committed, and the judgment of the Appellate Court must be affirmed.          *Judgment affirmed.*