### Salman Allen v. James Hudson.

1. JURY—*Duty in Conflicting Evidence.*—Where there is a sharp conflict in the testimony, it is the province of the jury to determine with whom is the greater weight or credibility of the testimony, and when so determined the verdict will not be interfered with, if free from passion, prejudice or partiality.

2. PARTNERSHIP—*What is Not.*—An agreement made by a real estate agent to give a person one dollar an acre for assisting him to sell a certain farm does not make them partners.

3. PRESUMPTIONS—*From Taking a Note, etc.*—Where a note is given by one party and accepted by another with whom he has had dealings, the presumption obtains that it was intended as a settlement and satisfaction of all antecedent demands.

Assumpsit, for commissions. Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

EWING, WIGHT & EWING, attorneys for appellant.

PEIRCE & PEIRCE, attorneys for appellee.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is an action in assumpsit, brought by appellee to recover of appellant one-half of the commissions received by the latter for selling a farm in Indiana belonging to one Wesley, to one Fred Miller. The case was tried by a jury that rendered a verdict for $173.50 for appellee. Judgment was entered .upon the verdict by the court after overruling a motion for a new trial made by appellant.

It appears from the record that appellant was a real estate agent at Fairbury, Illinois, and appellee at Saybrook. It is claimed by appellee that in September, 1895, he met appellant at Reynolds, Indiana, and advised him that the purchase of the farm that Fred Miller had been negotiating for had failed; whereupon appellant said to him he was agent for a farm located near the farm bargained for by Miller, and that there was one dollar an acre commissions in it, and if appellee would assist him in selling this farm to Miller he would give one-half the commissions to appellee, which proposition was accepted. In this farm there were 347.19 acres. Appellee claims that in pursuance of this arrangement and soon thereafter he commenced aiding appellant in making sale of these premises to Miller; that he went to see Miller; that he advised him as to the quality of the land, the kind of an investment it would be, and to go to Indiana and examine it. It is asserted by appellee that it was arranged between him and appellant that the latter should go to Indiana with Miller and show him the farm. Subsequently the farm was sold to Miller, and Wesley gave his note to appellant for $350 for his commissions in making the sale. This contention of appellee is supported by the testimony of the appellee, and it is denied by the testimony of the appellant. There is a sharp conflict in the testimony. In such case it is the province of the jury to determine with whom is the greater weight or credibility of the testimony, and when so determined the verdict will not be interfered with, if free from passion,

prejudice or partiality. Of this the verdict in this case seems entirely free. It is urged as a ground of reversal that the suit was prematurely brought. This position is not well taken. Appellee was entitled to his share of the commissions upon the services being rendered and the sale effected. His contract was with appellant, not with Wesley, the vendor of the land. Appellant could not postpone the payment to appellee of his share of the commissions by taking Wesley's note. To do this he had no authority. This arrangement between appellant and appellee did not constitute a partnership. Gottschalk v. Smith, 156 Ill. 377.

From what appears in this record it seems clear the note received by appellant and made by Wesley was given and accepted in settlement and payment of commissions due appellant from Wesley for making a sale of his farm.· In which case the presumption would obtain that it was intended as a settlement and satisfaction of all antecedent demands. White v. Jones, 38 Ill. 159.

It is urged by appellant that the court erred in giving appellee's instructions, because the hypothesis upon which they are based is not supported by any evidence. This position is not well taken.

It appears, as we have shown from the evidence, that appellant received Wesley's note in payment of his commissions; that appellee did assist in making the sale, and that Miller was a client of appellee's. In the light of these circumstances there is no error in the giving of appellee's instructions.

The judgment of the Circuit Court is affirmed.