# John M. Southworth v. The People ex rel., etc.

1. Practice—*In Adjusting Partnership Matters.*—In settling and adjusting partnership matters, it is not necessary to establish the existence of the partnership before ascertaining the location of the fund which is the subject of the litigation, where the bill charges insolvency of the partner, and that the money has been placed in the hands of third parties to prevent recovery.

2. Partnership—*A Single Adventure is Not.*—The mere joinder in a single adventure, in which the parties are only jointly interested, does not constitute them copartners in such a sense as to oust a common law court of jurisdiction.

3. Partners—*Presumption as to Solicitors.*—Where solicitors who are not partners are employed in the same business, by the same clients, the *prima facie* presumption of law is that they are partners as to that particular case.

4. Appellate Court Practice—*Correcting Matters of Form.*—It is the duty of the Appellate Court, under the statute (R. S., Ch. 7, Secs. 2, 3), to rectify and amend any defects or imperfections in mere matters of form so that the judgment shall not be reversed or annulled.

**Proceedings for Contempt.**—Appeal from the Superior Court of Cook County; the Hon. Farlin Q. Ball, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed October 27, 1899.

**Statement.**—This is an appeal from an order of the Superior Court adjudging appellant guilty of contempt, and imposing a fine of $250.

The relator, Armstrong, filed his bill of complaint alleging, *inter alia*, that appellant has received and collected fifteen or twenty thousand dollars, for services rendered by the two jointly, as solicitors in the prosecution of certain claims; that it had been agreed between them and their client that they, as solicitors, should receive jointly half of the amount collected, to be divided between them in equal parts; that for certain reasons it was deemed advisable that Southworth only should appear as attorney of record; that of the amount so received by Southworth he deposited $12,500 in his bank, and immediately checked out all of that sum but $722.50; that of the portion so checked out a

part was used to pay Southworth's individual debts; that several thousand dollars were turned over to parties without consideration, of which $4,260 were drawn out of bank on the day of the commencement of this suit, in order, as it is alleged, that it might be secreted from complainant. The bill charges that appellant is insolvent.

A demurrer to the bill was overruled. Appellant answered, admitting the receipt of $12,500 as fees for the prosecution and collection of said claims, and that he deposited and has paid it all out except $722.50. But he denies that Armstrong has any interest in said money, and denies other material allegations of the bill.

W. E. HUGHES, attorney for appellant.

CHAS. H. ALDRICH, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The order now appealed from arises out of the refusal of appellant to answer certain questions and furnish certain documentary evidence called for before the master, to whom the case was referred to, to take testimony and report. An order was entered on motion of the relator herein, requiring the defendant, Southworth, to "produce before the master all books, papers, receipts, vouchers, checks, bank books of deposit, as well as all writings of every class and character pertaining to the receipt as well as disbursement of all moneys received by him from McMannomy, or from any source, as solicitor's fees, growing out of the case of McMannomy v. Walker et al., to be used as evidence in this cause, and in doing so that he, Southworth, produce before said master all checks drawn on the Metropolitan National Bank of Chicago by him since the deposit by him of $12,500 in said bank; any and all receipts or evidences of debt, showing fully and completely to whom said funds were paid, and if any portion of the same is invested, the evidence of such investment if in writing, and if any portion is held in trust, the evidence of such trust if in writing."

Before the master, appellant, Southworth, refused, on advice of his counsel, to produce any of the papers mentioned, on the ground that by his answer he had denied the existence of a partnership and joint undertaking, as set forth in the bill of complaint, and that no evidence had been taken to sustain the bill in that respect, and the main issue had not been determined; that there is an adequate remedy at law for the alleged wrongs complained of in the bill, and that no case has been made, such that the defendant, Southworth, can be compelled to produce any private books or papers at this stage to aid the complainant in presenting his case.

On the report of the master, upon motion of the complainant (relator), a rule to show cause was entered. At the hearing the defendant, Southworth, answered the rule, but his answer was adjudged insufficient, and he was held guilty of contempt.

It is contended that upon the facts stated in the bill, the complainant has a complete and adequate remedy at law. It is true that where only a single transaction is involved persons therein engaged are not necessarily partners. The mere joinder in a single adventure, in which the parties are only jointly interested, does not constitute them copartners in such sense as to oust a common law court of jurisdiction. Hurley v. Walton, Adm'r, 63 Ill. 260. Where the transaction embraced only a single venture—the sale of a tract of land belonging to a third person—and no losses or expenses were contemplated or involved, the parties agreeing that each should have one-half of the excess received over the price the owner agreed to take, it was held insufficient to constitute a partnership. Gottschalk v. Smith, 156 Ill. 380.

But the alleged agreement in the present case is of a somewhat different nature. The transaction as stated in the bill embraces something more than a single venture in which no losses or expenses are involved. Suits were brought, it is alleged, in New York and Chicago, and apparently the litigation was varied in character and somewhat extended and complicated. The alleged agreement

involved a joint interest of the same nature in the profits, and in the absence of any agreement as to payment of costs or other expenses, if any were incurred, it involved also a joint liability. "A communion of profit implies a communion of loss." Burgess v. Badger, 124 Ill. 288–302. This implication of law is in the present case sustained by evidence presented in an affidavit which tends to show that payment of certain costs was contemplated, to be paid by appellant and appellee together. In a letter alleged to have been written to appellee by McMannomy, the client of the alleged copartnership, the latter states that " it is your and Southworth's business to pay these costs;" and he requests appellee, who appears to have collected some money, to send a draft for that purpose to Southworth.

It has been repeatedly held that where solicitors who are not partners are employed in the same business, by the same clients, the *prima facie* presumption of law is that they are partners as to that particular case. Robinson v. Anderson, 7 DeGex & Macnaghten, 238. We think that under the facts, as stated in the bill, the court of chancery has jurisdiction.

It is alleged that other grounds of equity jurisdiction exist. (See Morgan v. Roberts, 38 Ill. 65.) But we regard the reasons given as sufficient.

But it is insisted by appellant that the proper practice is that the court should first settle the issues of fact and determine the rights of the parties before requiring Southworth to show what he had done with the money in which the appellee claims a half ownership.

The bill, however, substantially alleges that Southworth is insolvent, and that he had placed the money received by him in the hands of third parties in order to prevent its recovery. An application was made for a receiver, but it seems not to have been pressed. What was sought by the inquiry before the master was to fix the location of the fund which is the subject of the litigation. That this is a proper exercise of the power of the court is not, we think, open to serious question. It is one of the common modes of procedure. If the court shall ultimately determine that

appellee has no interest in the fund, appellant will suffer no serious injury in consequence of being compelled to show where it is.  On the other hand, if appellee shall be finally determined to be entitled to any part of it, a decree in his favor would be but a barren judgment if meanwhile the fund in question had been dissipated or lost.  We can not accept the view of appellant's counsel that it was first necessary to determine the partnership issue.  It is ordinary and proper procedure for a chancery court to hold, by its receiver or otherwise, property which is the subject of litigation, pending the determination of the litigation, where it appears that such course is necessary for the protection of the rights involved.  The case of Hottenstein v. Conrad, 9 Kan. 435, 440, cited in the brief of appellee's counsel, contains language in point.

It is said that in any event the judgment now appealed from must be reversed, because all fines and forfeitures recovered by law must be recovered by the people, and not by the State of Illinois, which is a geographical description.

The appeal bond is made payable to the people of the State of Illinois.  It is the duty of this court under the statute (Rev. Stat. Chap. 7, Sec. 2–3) to rectify and amend any defects or imperfections in mere matters of form, " so that such judgments shall not be reversed or annulled." This is clearly a mere defect in form.  The judgment of the Superior Court is affirmed.