## Arthur Fish v. David Lapsley.

### Gen. No. 4,702.

1. JURISDICTION—*how question of, upon ground that action involved partnership accounting, should be raised.* This question should be raised in the trial court and cannot be first raised upon appeal. It is not raised in the trial court merely by motion to exclude the evidence.

2. MOTION FOR NEW TRIAL—*grounds not specified in written, deemed waived.* Where a written motion for a new trial is filed specifying points, any points omitted are deemed to have been waived.

Action of assumpsit. Appeal from the Circuit Court of Kankakee county; the Hon. F. L. HOOPER, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

CHARLES B. CAMPBELL, for appellant.

W. R. HUNTER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Lapsley sued Fish in the Circuit Court, and had a verdict and a judgment for $151, and Fish appeals. The parties live at Momence, in Kankakee county. They agreed to go to Montana and buy a bunch of horses, and to ship them home and sell them, and to share equally the cost, expenses, profits and losses. The money was obtained from a Momence bank on a note signed by Fish only. They went to Montana, bought horses and paid for them, shipped them to Momence, put them upon land owned by Fish, advertised to sell them at public sale, held a public sale and sold about half of the horses, and stopped the sale because the prices obtained were not satisfactory. Fish received the proceeds of the sale. The next day they entered into a verbal contract, about the terms of which they differ. The substance of the testimony given by Lapsley on this subject was that it was

agreed that Fish should refund to Lapsley the car fare
of the latter on the Montana trip and should pay Laps-
ley $15 for his interest in the horses remaining unsold,
and that Lapsley should turn over to Fish a note and
a mortgage which Lapsley had taken for a horse he
had privately sold.    Lapsley was partially corrobo-
rated by one witness.    The substance of the testimony
given by Fish on the subject was that they agreed that
Lapsley should sell his interest in the entire venture
to Fish for $15 and the return of his car fare on the
Montana trip, and that Lapsley should turn over to
Fish the note and mortgage.    Fish was partially cor-
roborated by one witness.    After that agreement was
made Lapsley brought this suit.

Each party introduced proof of the cost of the
horses that had been sold, and of the expenses incurred
in connection therewith, and of the price at which they
were sold, thus laying the foundation from which to
calculate whether a profit was made on the horses
which were sold, and if so, the amount of such profit.
Fish argues here that if his version of the contract was
a true one, then Lapsley could only recover $15 and
the railroad fare, which sum would be much less than
the verdict.    This contention is correct.    He also justly
argues that if he understood the proposed bargain in
one way and if Lapsley understood it differently, then
the minds of the parties did not meet, and there was
no contract.    But as the verdict is warranted only
upon Lapsley's version of the contract, we must as-
sume the jury believed Lapsley's testimony on that
subject.    As each party was partially corroborated by
a single witness, we see no reason why we should dis-
turb the conclusion of the jury as to the weight of the
evidence on this question.

Fish, however, contends that if Lapsley's version of
the contract is true, and if, besides the $15 and the car
fare, he is also liable to Lapsley for one-half the profits
on the horses which were sold, then the accounting

necessary to ascertain the profits relates to a partner-
ship matter which cannot be adjusted in this action at
law. Lapsley, on the contrary, contends here that this
rule does not apply to a single transaction, and relies
upon Hurley v. Walton, 63 Ill. 260; Gottschalk v.
Smith, 156 Ill. 377; Southworth v. The People, 183 Ill.
621. To these authorities may be added 2 Bates on
Partnership, sec. 865. Regardless of this position we
consider it a conclusive answer to the present conten-
tion by Fish, that the point was not made in the court
below, and its ruling presented for review here, that.
plaintiff was seeking to recover upon a partnership
transaction of which the court could not take cogniz-
ance in a court of law. Plaintiff's proof on this sub-
ject went in without objection. At the close of plaint-
iff's proof defendant moved to exclude all plaintiff's
evidence, and this was denied. This did not raise the
present question, for it covered not only the proof of
profits on the horses sold, but also the proof of a con-
tract to pay $15 and to refund the car fare. Then de-
fendant moved to exclude plaintiff's proof as to the
price paid for the horses and the price they sold for
and the items of expense. This motion was denied.
The record does not show that it was disclosed to the
court that this proof should be excluded because it re-
lated to a partnership transaction, and it may well be
doubted whether this motion was sufficient to raise the
question. But if it was, this was afterwards waived,
for the refusal to exclude this testimony was not em-
braced in the points subsequently filed by defendant
upon his motion for a new trial. A party filing a writ-
ten motion for a new trial and stating therein the
grounds upon which he seeks for a new trial, waives
all reasons for a new trial not set forth in the motion.
West Chicago St. R. R. Co. v. Krueger, 168 Ill. 586;
Ill. Cent. R. R. Co. v. Johnson, 191 Ill. 594. Therefore,
if the court erred in refusing to exclude that proof,
that error was waived. The court gave the third in-

struction requested by plaintiff, and that instruction was based on the right of plaintiff to recover his share of the profits, if any, on the horses sold. But before that instruction was given defendant had gone fully into proof on his side as to the cost and selling price of the horses sold and as to the expenses, and after both sides had put in that testimony without objection, it was proper to instruct the jury as to the law on that subject. We regard it as too late to now raise the question that the court had no jurisdiction to permit a recovery in this action for the profits realized upon the horses sold. The attorney who raises this question here did not try the cause below.

It is not contended that the verdict is excessive, if Lapsley's version of the second contract is correct, and if the profits upon the horses sold may be allowed in this suit. In fact, the verdict seems to be slightly under the amount shown to be due plaintiff, on that basis.

The judgment is, therefore, affirmed.

*Affirmed.*