Jones, J.
The chief reliance of plaintiff in error is that, under the pleadings as recast, he was entitled to a jury trial, and furthermore that each plaintiff should be relegated to a separate action. The record discloses uncertainty upon the part of the court as to the first contention, but it finally held that the action was not triable by jury, evidently on the theory that the relief sought would require the rescission of a partnership agreement and dissolution of the trusts cast upon Taylor as the holder of the legal title.
The mere fact that the defendant occupies the relation of trustee does not in itself invoke the jurisdiction of the equitable side of the court. This relation must be such in each particular case as may require the application of those principles and relief cognizable only in equity, and such as disclose not only the fiduciary and confidential relation reposed, but which go to show that an accounting is *293 necessary for a full relief. If such an accounting is unnecessary, if the issues involved, as here, relate to definite and specific sums paid and received, and where the entire controversy rests upon the issue whether such were paid under representations that were false and fraudulent, then, under our statute, such actions are triable by jury unless otherwise controlled by those principles which permit the ascertainment of damages by the court, where the principal relief sought is equitable. Such are cases where the recovery may depend upon correction for fraud or mistake tainting the transaction, where damages follow cancellation or reformation, or where rescission is sought as the principal relief, as distinguished from those cases where damages are asked on the law side of the court after rescission by the plaintiff.
Applying those well-known principles to the case presented by the pleadings and journal entry, was the defendant entitled to have his case submitted to a jury by virtue of Section 11379, General Code, which gives him a jury trial if the action was one for money only ? Froni an inspection of the decree made, it appears the trial court conceived that the principal relief was equitable and ordered a dissolution of the partnership and the rescission of the agreement, and decreed that the legal title of Taylor be relieved of the trusts imposed. In other respects it gave judgment, substantially as asked, for the definite, specific amounts asked by each plaintiff. Prior to the trial the court required the causes of action to be separated, but this was not done; but on the eve of trial the court permitted the prayer to *294 be amended so as to embrace “a single cause of action for the return of payments made.” This is shown by the entry permitting the plaintiffs to amend their petition.
Counsel for defendants in error now admit that no accounting was necessary and that none was prayed for, and the pleadings disclose that such is the case. The plaintiffs sought only to recover the payments made to the defendant on account of fraudulent representations made by him. The action, therefore, is one for money only, unless the plaintiffs have invoked other equitable relief which a court of equity might and should grant.
It is insisted that equitable jurisdiction becomes necessary for the reason that a partnership relation subsisted between the parties which should be dissolved, and that the contract between them should be rescinded and the legal title of Taylor decreed to be free of any equities plaintiffs might have in the land.
The principle that plaintiff may not seek his relief in equity if he has a full and adequate remedy at law, is well established in Ohio and elsewhere. Why relief could not have been both full and adequate on the law side of the court in this case is not easily discernible. The plaintiffs sought to recover their entire damages for definite and ascertained amounts paid by each to the defendant. These payments were not denied by the defendant. The only controlling issue between them was whether each paid the purchase money for the land sold them under the circumstances of fraud alleged in the petition. There was no equitable relief neces *295 sary as a predicate to the recovery. Since Taylor held the legal title to the property there was no necessity for a decree holding it free from any equities, for the decision in the law action foreclosed any equities plaintiffs might have thereto and also terminated their contractual obligations. Furthermore, the plaintiffs disclaimed all interest therein by bringing the action and by tendering back to Taylor the deeds for their respective interests which he had theretofore tendered to them.
The claim is made here, on the one hand, that the transaction was merely a joint venture whereby the interests acquired were those of tenants in common, and, on the other hand, that the transaction disclosed a partnership contract, and as such required some form of equitable relief. There is considerable confusion in the various jurisdictions whether a purchase of land, by moieties, with a view to sale and profit, is sufficient to constitute a partnership, and especially where the purchase only has been accomplished and where there are no further acts done thereunder.. The cases of Yeoman v. Lasley, 40 Ohio St., 190, and Hulett v. Fairbanks, 40 Ohio St., 233, decided by the commission at the same term, apparently hold that a partnership exists. But this view is not sustained by other courts. See Clark v. Sidway, 142 U. S., 682, 690, and Gottschalk v. Smith, 156 Ill., 377. But it is immaterial in this form of action whether the transaction was a partnership or a joint venture. Even if it be conceded that there was a partnership the gravamen of the action did not arise out of the partnership relation. It arose not subsequent to the *296 partnership contract, if such there was, but arose in the formation of the contract, at a time when no fiduciary relation existed. It was based on deceit in obtaining the purchase money to pay for the partnership corpus. The suit was not based on a partnership relationship, but sought to avoid the contract, in its incipiency, because of fraud. This is clearly an exception to the rule that suits between partners must be brought in equity. This, in addition to the fact stated that no accounting was demanded or needed from the defendant in any fiduciary capacity, stamped the case as an action at law. Cook v. Canny, 96 Mich., 398; Gottschalk v. Smith, supra; Clark v. Sidway, supra; Hurley v. Walton, 63 Ill., 260. This view is also supported, in principle, by Neil v. Greenleaf, 26 Ohio St., 567.
The defendant in error relies upon the case of Winstanley v. Gleyre, 146 Ill., 27, a case very similar to the one at bar. But in that case the partnership relation was recognized as subsisting, and the jurisdiction in equity was acquired by a bill which sought to sell the balance of the partnership lands and to cancel a deed which one of the partners had fraudulently made. An accounting was also sought. The later Illinois case of Gottschalk v. Smith, supra, is more applicable here and is clearly distinguishable from the former.
' It is said in the brief of counsel for defendants in error that the trial court relied upon Heckscher v. Edenborn, 203 N. Y., 210, and American Shipbuilding Co. v. Commonwealth Steamship Co., 215 Fed. Rep., 301, and that the appellate court affirmed that judgment on the authority of Richards v. *297 Todd, 127 Mass., 167, and Perry v. Hale, 143 Mass., 540. The first case named supports the theory that an action at law can be maintained in a case of this character, and that the action may be based on a rescission made by plaintiffs; and the other cases are readily distinguishable from the instant case.
In the case of American S. Co. v. Steamship Co., supra, it was held that the remedy at law was inadequate for the reason that the accounting could not be had in a law action. The accounting in that case involved a determination of net earnings of the steamship for a period of six years, including an accounting for its use and a depreciation of the vessel for that length of time. In the case of Richards v. Todd, supra, the plaintiff sought to set aside a fraudulent award of settlement, and the court held that the equitable jurisdiction of the court having been properly invoked, it obtained jurisdiction for all purposes so as to settle all controversies in a single action. This case is analogous to that of Bank v. Jahn, 85 Ohio St., 406, where this court held that equity obtained jurisdiction in that case for correction of mistakes which had been carried into the accounts from time to time, but it was only for the purpose of correcting such mistake that the court held that it was not an action at law.
In the case of Perry v. Hale, supra, the form of the action was not involved, but it was an action at law and it was there held that, assuming there was a partnership, one of the partners could not hold all of the others for the torts of a single partner, the court remarking, on page 542: “His *298 remedy, if upon the facts he is entitled to any, is by action of tort against the person or persons who practiced the fraud upon him.”
Although the trial court held the case as one lodged in equity and decreed a rescission of the contract, this was neither necessary nor required to give adequate relief to the plaintiff. The petition alleged that Taylor had repudiated the agreement. The action of the plaintiffs in repudiating the contract and seeking to recover the moneys paid thereunder was in effect a rescission of the contract on their part. The plaintiffs must be held to have either affirmed or rescinded the contract. The obligations and remedies arising through their status are entirely different. French v. Millard, 2 Ohio St., 45; King v. Wise, 43 Cal., 629; Cheney v. Dickinson, 172 Fed. Rep., 109; Wilson v. New U. S. Cattle-Ranch Co., 73 Fed. Rep., 994.
It developed on the trial that in addition to the purchase money received from plaintiffs, Taylor received about $15,000 as secret commissions in making the sale. Were the plaintiffs affirming the contract this sum might be recovered. Not so, however, if they elected to rescind. The damages in such case are the amount of the loss resulting from the defendant’s tort and would not include commissions alleged to have been secured. Plaintiffs have nothing in their hands which requires restitution, and a recovery on the basis of a rescission would restore the parties to the status quo, and would thus make them whole. In fact, it now develops that Taylor’s counsel claim that plaintiffs should recover only their aliquot parts of the com *299 mission, wrongfully received. As heretofore stated, this could be done only where the plaintiffs were affirming and not rescinding the contract. The theory of the trial court that it was necessary to obtain equitable jurisdiction in order to decree a formal judicial rescission was entirely erroneous. Rescission may obtain in equity where there is no adequate remedy at law, but in other cases the party aggrieved may himself rescind and recover damages. This action proceeds upon the theory that the plaintiffs have rescinded, and the authorities are uniform that in a case like the present, where the remedy at law is adequate and full, it may be had without a judicial rescission. 24 Am. & Eng. Ency. Law (2 ed.), 614; 1 Pomeroy’s Eq. Jur. (3 ed.), Section 110; Gould v. Cayuga County Natl. Bank, 86 N. Y., 75, 84, and Getty v. Devlin, 54 N. Y., 403, 415.
Taylor, the defendant below, demurred to the original petition, and also filed his amended demurrer to the petition as amended, alleging that there was a misjoinder of parties plaintiff.
Section 11254, General Code, provides that “All ' persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided.”
Neither of the plaintiffs in this action had any interest in the “subject of the action” of the other. The action being one at law,'the subject of the action in each case was the particular damages that each plaintiff had suffered because of the tortious act of the defendant. It is possible that some of *300 the plaintiffs might be able to establish their case and the others lose. The gist of the action was deceit, and the testimony offered to support the case of one of the plaintiffs might not legally affect the case of another. The jury must determine whether each plaintiff relied upon the false representations made to him individually, or whether reliance was had upon investigations independent of the representations made, if such are proven. Baker v. Jewell, 6 Mass., 460. It is difficult to perceive how, in such a case, the parties could be joined.
In Bartges v. O’Neil et al., 13 Ohio St., 72, on page 77, Sutliff, C. J., said: “For it is obvious, that inasmuch as the action is commenced in the names of the two, the judgment must be rendered in favor of both or neither.” This principle is supported by the case of Masters v. Freeman et al., 17 Ohio St., 323, where the learned judge, on page 326, said: “A cause of action in favor of each, or either of two plaintiffs, is no cause of action in favor of both.”
The case of Getty v. Devlin, supra, is peculiarly like the case at bar. It was impossible for the plaintiffs in that case to rescind informally because of their inability to make proper restitution; but it was held that if tender and restitution could be made, the contract could be rescinded and a remedy at law maintained, but in such case Judge Earl says, on page 415, that “each one of the plaintiffs could at once, after the tender, have sued in an action at law to recover the amount of money paid *301 by him. A joint action by all the plaintiffs would not have been proper.”
Upon this question the opinion of Spear, J., in the case of Duncan v. Willis, 51 Ohio St., 433, is. pertinent. In that case the question arose upon a demurrer alleging a defect of parties plaintiff, but the opinion applies as well to that section of the code relating to misjoinder. The defendant had sold diseased hogs to two brothers, falsely representing them to be healthy. The transaction was a single one and the representations were made to both jointly and at the same time. One of the brothers brought an action against the defendant for deceit and fraud, without joining the other. On page 442 of the opinion it is said: “So far as the agreement of the sale, payment of purchase price, and delivery were concerned, it was a joint contract, but the representations, and the agreements of warranty entailed obligations for the performance of several duties to each.” The entire opinion discloses that the “subject of the action,” or the peculiar damages suffered by each separate plaintiff, may be of no consequence to the other, and that there can be no joint interest as to damages accruing from deceit.
The petition in this case discloses that the written agreement entered into by Taylor was made separately with each one of the plaintiffs, and the damages sustained by each must necessarily be the resultant of that agreement and the false and fraudulent representations made in connection therewith, upon which each relied. The action is not joint, but several, and each plaintiff should be *302 relegated to a separate action for damages against the defendant.
The fact has already been adverted to that in the transaction relating to the sale of the property, the defendant Taylor had received about $15,000 from Jackson Brothers Company, either by way of secret commissions or for alleged services rendered. The record discloses that the plaintiffs Brown, Schmidt, Craig and the two Shattos were permitted to testify relating to this transaction, and to the fact that neither of them had any knowledge that Taylor had obtained this sum. To this class of testimony the defendant excepted on the ground that the petition only sought a recovery of the payments made and did not seek to recover any part of this commission. As heretofore stated, were the plaintiffs affirming the contract, then, upon proper pleading, a recovery might be sustained for the commissions received, but the plaintiffs are entirely consistent in proceeding, after rescission, in the endeavor to obtain the return of the moneys paid. The evidence was competent, however, not as a basis for the recovery of such commissions, but as showing scienter upon the part of Taylor. The fact, if such it was, that Taylor was receiving large secret commissions for the sale of this property to the plaintiffs, which he failed to disclose, when it was claimed that they were to enter the scheme upon the same financial basis, was evidence tending to support the allegations of fraud and deceit alleged in the petition, and, in connection with other direct evidence of falsity, would be competent *303 testimony in favor of either plaintiff. U. S. Life Ins. Co. v. Wright, 33 Ohio St., 533.
The trial court erred in refusing the demand for a jury by the defendant Taylor, and also in refusing to sustain the special ground of demurrer that there was a misjoinder of parties plaintiff.
For the reasons stated, the judgment of the trial court and that of the court of appeals affirming the same are reversed, and the case remanded to the common pleas court with instructions to correct the errors here noted, and for further proceedings according to law.

Judgment reversed.

Nichols, C. J., Johnson, Wanamaker, Newman and Matthias, JJ., concur.
Donahue, J., not participating.