## JOHN J. RICHARDS *vs.* EDWARD TODD.
## EDWARD TODD *vs.* JOHN J. RICHARDS.

Suffolk. March 31. — July 10, 1879. COLT & AMES, JJ., absent.

A bill in equity, brought by one partner against another, alleged that the defend- ant failed to comply with the articles of copartnership; that the differences between them growing out of the partnership affairs were referred to an arbi- trator, who had made an award which was beyond the scope of the submission to him, and was fraudulent; and prayed that the award might be set aside, the partnership dissolved, and a receiver appointed. The defendant filed an answer and a cross bill, alleging that he was induced to enter into the partnership by the fraud of the plaintiff; that he contributed a certain sum in money, and a note, payable to the plaintiff and still outstanding, as his part of the capital stock; that the award referred to in the original bill was valid; and praying that the plaintiff should be ordered to cancel the note, pay him the amount found due by the arbitrator, and for further relief. *Held,* on demurrer, that the cross bill was properly brought.

A submission to arbitration recited that the parties had entered into a copart- nership; that there were differences "as to the adjustment of the partnership affairs;" that one partner contended that there were errors in regard to the statements and representations made by the other partners, as to the amount of the business which he had been doing before the former became a partner, and as to the amount and value of the property which the latter contributed to the capital stock, and as to "other matters and things pertaining to said partner- ship;" and, as they could not agree as to the same, they agreed to refer "all of said matters" to the arbitrator. *Held,* that the question whether the part- nership was void on account of false representations was not submitted to the arbitrator.

The findings of a master in chancery upon questions of fact submitted to him are not to be set aside or modified without clear proof of error on his part.

If a court of equity finds a contract of partnership to be void in its inception, on account of the fraud of one partner in inducing the other to enter into the part- nership, it may award as damages that the fraudulent partner shall repay to the other all sums of money the latter has paid into the firm as his portion of the capital stock, pay him a reasonable compensation for the time he has acted as partner, and indemnify him from all liability arising out of the business in which they have been engaged.

THE FIRST CASE was a bill in equity, filed November 9, 1879, alleging that a partnership existed between the plaintiff and the defendant; that the defendant failed to comply with the articles of copartnership; that differences as to the adjustment of the partnership affairs arose, and were referred to an arbitrator, who had made an award which was beyond the scope of the submission to him, and was fraudulent. The prayer of the bill was, that the award might be set aside; that the partnership might be dissolved, and a receiver appointed to wind up its affairs. Annexed to the bill were copies of the submission to arbitration and the award.

The submission, executed by the parties on September 23, 1876, was as follows: "Know all men by these presents, that whereas John J. Richards, of Natick, and Edward Todd, of Somerville, both in Massachusetts, entered into a copartnership with each other by articles, dated July 7, 1873; and whereas there are differences and disagreements between them, and as to the adjustment of partnership affairs to this date; and whereas said Todd claims that there were errors in regard to the statements and representations made by said Richards, as to the amount of the business which he had been doing previous to said Todd's entering into said partnership, and as to the amount and value of the property which said Richards conveyed to said Todd, and which said Richards contributed to the partnership stock, and also as to other matters and things pertaining to said partnership; and as said partners cannot agree as to the same, they do hereby mutually agree to refer all of said matters to the arbitration and determination of Alonzo A. Knights, of Malden in Massachusetts, whose award, being made in writing, and reported to the parties within two months from this date, shall be final and conclusive upon them. And said referee, after due notice to the parties of the time and place of hearing, may proceed to hear and determine the matters submitted, — if either party shall neglect to appear in his absence, — and determine what sum either shall pay to the other." The award stated that the arbitrator found that the contract of copartnership was vitiated and avoided by the false statements and representations of Richards, and set forth the sums of money Richards was to pay Todd, and the further acts he was to do to save Todd harmless.

The defendant filed an answer on December 5, 1876, in which he alleged that he was induced to enter into the partnership by false and fraudulent representations made by Richards, and that the articles of copartnership were therefore void; that he contributed $8000 in cash and his note for $2000, as his part of the capital stock; that this note was payable to the order of Richards, and was still outstanding and unpaid; that all matters in dispute between the parties, including the claim for the deceit, were submitted to the arbitrator; and that his award was valid and binding.

THE SECOND CASE was a cross bill filed on December 5, 1876, and containing the same allegations of fact as were contained in the answer to the original bill, and which are above quoted. The prayer of the bill was, that the award should be declared valid; that Richards should be decreed to pay the amount found due by the arbitrator, and be required to return and cancel the note, or to indemnify the plaintiff therefrom; and for general relief.

Richards demurred to the cross bill, on the ground that the plaintiff had a plain, adequate and complete remedy at law. This demurrer was overruled by *Morton*, J., and an answer was filed denying the allegations of the bill.

The cases were sent to a master, who found that the arbitrator exceeded the authority conferred upon him by the submission to arbitration; and also found that the contract of partnership was void by reason of the fraud of Richards in inducing Todd to enter into it; that Richards should return to Todd his note of $2000; save him harmless from the debts and liabilities of the firm; pay to him the sum of $8000 and interest, and the sum of $3900 for his services, less certain sums received by Todd from the business. The master also reported the evidence in full.

Both parties filed exceptions to the master's report; the substance of them appears in the opinion.

The case was heard by *Endicott*, J., who overruled all the exceptions, and entered decrees in accordance with the report of the master; and both parties appealed to this court.

*J. P. Treadwell*, for Richards.

*C. Robinson, Jr.*, for Todd.

MORTON, J. 1. The demurrer to the cross bill was properly overruled. It is a well-settled principle, that a court of equity,

after it has acquired jurisdiction of a subject-matter in contro-versy between parties, will, as far as possible, settle all questions in litigation touching it, and do complete justice to all parties, so that there may be an end of controversy. A cross bill for relief is proper in cases where, in the original suit, all things in litigation touching the subject-matter cannot be brought before the court, but the defendant, in order to obtain a complete settlement of the controversy, is entitled to some relief which the scope of the plaintiff's suit will not afford him.

Thus, if the original bill is brought for the specific perform-ance of a written contract, the defendant may have a cross bill for the purpose of having the contract delivered up or cancelled. Courts of equity entertain jurisdiction in such cases, so that the whole controversy may be settled at one time, and in one suit, the cross bill being in the nature of an equitable defence to the original suit. Story Eq. Pl. § 391 *& seq.* 2 Dan. Ch. Pract. *c.* 34.

The pleadings present a case in which the cross bill concerns the same subject-matter as the original bill, and in which it is clear that no decree could be entered in the original suit which would do complete justice to the parties. Any decree which would be within the scope of that suit would necessarily leave unsettled most of the questions in controversy touching the sub-ject-matter, and no suit at law could be brought which would furnish the defendant a plain, adequate and complete remedy.

On the other hand, a court of equity can, under the original and cross bills, frame decrees which will settle all the matters in litigation, and do complete justice to the parties. It can affirm or set aside the award, can declare the partnership void as between the parties, can provide that the note of $2000 shall be cancelled, or that the defendant shall be indemnified against it, can provide that the plaintiff shall assume the debts of the partnership and indemnify the defendant against them, and that the plaintiff shall pay such damages as the defendant has suf-fered by reason of the fraud practised on him.

Upon the facts of this case, we are of opinion that complete and adequate relief could only be obtained by Todd in a court of equity, and that the cross bill filed by him is the proper mode of seeking the equitable relief to which he is entitled.

2. The finding of the master, that the arbitrator exceeded the authority conferred by the submission, is not, as matter of law, erroneous.

The submission is not free from ambiguity. It contains clauses which might be construed to include, among the matters submitted, the question whether the contract of partnership was void. But, upon a fair construction of the whole instrument, we are of opinion that it was not the intention of the parties to submit this question. It is not expressly submitted. The submission begins with the recital that a copartnership was formed between the parties, treating it as a valid contract, recites that there are differences "as to the adjustment of partnership affairs," and refers to the arbitrator all matters "pertaining to said partnership." The purpose of the parties seems to have been to refer to the arbitrator all matters of dispute as to the affairs of the partnership, treating it as an existing and valid partnership.

The recital that "said Todd claims that there were errors in regard to the statements and representations made by said Richards as to the amount of the business which he had been doing previous to said Todd's entering into said partnership, and as to the amount and value of the property which said Richards conveyed to said Todd, and which said Richards contributed to the partnership stock," does not necessarily point to an intention to submit the question of fraud in the formation of the partnership. The articles of partnership were signed July 7, 1873, but they related back and covered the business of the concern from March 1, 1873. Therefore the claim of Todd, that there were errors and misstatements as to the amount of the business previous to his entering into the copartnership, might be material in adjusting the rights of the parties upon the basis that there was a valid partnership between them; and the recital is not inconsistent with what from the other parts of the submission appears to have been the intention, to procure by arbitration an adjustment of the partnership affairs, treating it as a valid partnership. The exception of the defendant Todd to this finding of the master was therefore properly overruled.

The ground taken by him, that the parties by an oral agreement before the arbitrator enlarged the scope of the submission,

cannot be sustained. The master has not found this to be the fact. His finding, that the arbitrator exceeded his authority, by implication negatives this fact, and we find nothing in the evidence reported to satisfy us that his finding was erroneous.

3. We come now to the consideration of the exceptions taken by the plaintiff Richards to the master's report.

Many of them relate to matters which are collateral and immaterial, and have not been insisted on in the argument. Those which are material are of three classes: exceptions to the finding that the contract of partnership was void by reason of the fraud of Richards, which induced Todd to enter into it; exceptions to the refusal of the master to find that Todd has by his laches lost his right to the relief he seeks; and exceptions to the findings of the master on the matter of damages.

The report of a master upon questions of fact referred to him has substantially the weight of a verdict of a jury, and his findings are not to be set aside or modified without clear proof of error on his part. *Trow* v. *Berry*, 113 Mass. 139, and cases cited.

Upon an examination of the evidence in this case, we are satisfied that the master was justified in finding that Richards induced Todd to enter into the partnership by false and fraudulent representations. The books were fraudulently altered by Richards, so as to mislead Todd as to the extent of the business, and other devices were adopted to deceive him and induce him to embark his money in the enterprise. He was induced by the fraud of Richards to enter into the partnership; and the master rightly held that the contract of partnership was void by reason of this fraud.

The argument that Todd has by his laches lost his right to the relief he seeks, is not sustained by the facts. If, as the argument assumes, Todd had discovered the fraud early in 1873, and had without objection gone on and taken his chance of a profitable business, there might be strong ground for the position that he had thereby waived or lost his right to complain of the fraud. But the master has found, and in our opinion the evidence was sufficient to justify the finding, that Todd did not discover the

fraud until late in the summer of 1876. It cannot be claimed that, after that, there was any laches or delay in asserting his rights.

We are of opinion that no error is shown in the findings of the master upon the subject of damages. Richards is liable for all the consequences of his fraud. Equity requires that he should, so far as practicable, restore Todd to the same position he would have occupied if no fraud had been practised upon him. It is clear that he should repay the money paid to him by Todd, with interest, and should deliver up, or indemnify Todd against, the note of two thousand dollars. The effect of Todd's election to avoid the contract of partnership for the fraud practised on him is, that, as between the parties, there has never existed any co-partnership. All the business, though in the name of the firm, was for the benefit and at the risk of Richards. It is just that Todd should receive a reasonable compensation for his time thus spent in the service of and for the benefit of Richards, and the amount found by the master to be due him on this account is not shown to be excessive.

It is also clear that, as Todd, by holding himself out as a member of a firm, rendered himself liable to the creditors of such apparent firm, Richards should, in order to place him *in statu quo*, indemnify him against the claims of such creditors.

Upon the whole case, therefore, we are of opinion that the exceptions of both parties to the master's report were rightly overruled, and that the decrees entered in conformity to the findings of the report should be affirmed.                    *Decrees affirmed.*