ABRAHAM GROSSMAN *vs.* MORRIS LEWIS & another.

Suffolk.    January 2, 1917. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Equity Jurisdiction*, To relieve from fraud, Rescission, Restitution. *Partnership.*

In a suit in equity to set aside a partnership agreement into which the plaintiff was induced to enter by the fraudulent representations and acts of the defendants, the court on proof of the defendants' fraud can order the contract of partnership cancelled as between the parties to it and can hold the defendants jointly and severally liable to the plaintiff for all moneys contributed by him in excess of what he received from the business and also order the defendants to indemnify the plaintiff against all liability on existing partnership debts.

In such a suit the plaintiff is none the less entitled to relief because he is unable to surrender an outstanding promissory note given to him by one of the defendants for a loan to such defendant obtained by a false pretence which was a part of the defendants' scheme of fraud, and in the present case it was *ordered* that the payment of money to be made jointly and severally by the defendants to the plaintiff should be made upon the delivery by the plaintiff to the clerk of court of a promissory note of one of the defendants for the sum of $100 or upon the filing by the plaintiff of a bond adjudged sufficient to save that defendant harmless from all liability on such note.

BILL IN EQUITY, filed in the Superior Court originally on November 24, 1915, and amended by the filing of a substituted bill by leave of court on March 10, 1916, praying for an order setting aside a partnership agreement into which the plaintiff was induced to enter by the fraudulent representations and acts of the defendants, for an accounting, for damages caused by the fraudulent acts of the defendants and for further relief.

The proceedings in the case are described in the opinion, where also the material facts that were found by the master are stated.

The case was heard by *Fox*, J., who made an interlocutory de-

cree overruling the defendants' exceptions to the master's second report and on the same day made the following final decree:

"This cause came on to be heard at this sitting and was argued by counsel for the plaintiff and by counsel for the defendants, and, upon consideration thereof, it is adjudged and decreed that the plaintiff was induced to enter into the partnership agreement . . . by the fraudulent acts and false and fraudulent representations of the defendants and each of them, and said partnership agreement is null and void and of no effect as between the plaintiff and the defendants and each of them.

"It is further adjudged and decreed that the plaintiff was induced by the fraudulent acts and false and fraudulent representations of the defendants and each of them to purchase the furniture, fixtures and a portion of the stock in trade and good will and a portion of the stock in trade connected with the business carried on by the defendant, Harry Lewis at No. 252 Shawmut Avenue, Boston, and that such purchase and sale and the bill of sale whereby said property, except said stock in trade, purported to be conveyed . . . are null and void and of no effect as between the plaintiff and the defendants and each of them.

"It is further ordered, adjudged and decreed that the defendants, and each of them, and their respective attorneys, counsellors and agents be, and they hereby are, perpetually enjoined and restrained from instituting or prosecuting, and from causing, persuading or inducing any other person or persons to institute or prosecute, any action at law or suit in equity against the plaintiff as a partner of the defendant, Morris Lewis, including the action which the defendant Harry Lewis brought against the plaintiff and the defendant, Morris Lewis as copartners and which is now pending.

"It is further ordered, adjudged and decreed that the defendants jointly and severally hold the plaintiff harmless from, and indemnify him against, any and all claims, demands, actions at law and suits in equity against the plaintiff as a partner of the defendant, Morris Lewis, if any there may be, which are based upon or arise out of the lease given by Popkin to the defendant, Harry Lewis and assigned by said Harry Lewis to the plaintiff and the defendant, Morris Lewis, or which are based upon or arise out of the merchandise bills of said partnership amounting to $114.43.

"It is further ordered, adjudged and decreed that, upon the execution and delivery by the plaintiff to the defendant, Morris Lewis, of an agreement, to be approved by the Court, whereby the plaintiff shall agree to hold said Morris Lewis harmless from, and to indemnify him against, liability upon the note for $100.00 given by said Morris Lewis to the plaintiff, the defendants jointly and severally pay to the plaintiff the sum of $604.46, with interest thereon from the date of the filing of the bill of complaint, to wit: November 25, 1915, and with costs of this suit taxed by the Clerk in the sum of eighty-two and 03/100 (82.03) dollars."   .

The defendants appealed.

The case was submitted on briefs.

*H. M. Pakulski, J. D. Marks & W. A. Fotch,* for the defendants.
*S. Sigilman & W. P. Murray,* for the plaintiff.

BRALEY, J.   It appears that upon the coming in of the master's first report and the filing of exceptions by the defendants, the plaintiff was allowed to "amend his bill by striking out the same and substituting therefor" a new bill of complaint.   And the defendants having answered and issue being joined, the cause was recommitted to the master who reports that he proceeded upon the understanding of the parties that his report should be "a new report covering all the allegations now in issue."   While the defendants also excepted to this report no appeal has been taken from the interlocutory decree overruling the exceptions generally, and, a final decree in favor of the plaintiff having been entered, the case is here on the defendants' appeal.   The evidence not having been reported, the question for decision is whether on the pleadings and the report, which by reference incorporates certain portions of the first report, the plaintiff is entitled to relief.

It is found unequivocally that, upon ascertaining that the plaintiff was possessed of quite a large sum of ready money which he desired to invest in business and for this purpose had had some preliminary negotiations with the defendant Morris Lewis as to forming a partnership, the defendant Harry Lewis, brother of Morris and owner of the meat market which the proposed partnership was to purchase, devised a plan, in which Morris joined, to defraud the plaintiff by falsely representing that, if he would invest to a certain amount, Morris would contribute an equal portion of the capital.   "And that they then intended and ex-

pected, without having any well defined idea how it was to be accomplished, that they would eventually succeed in getting rid of the complainant and compel him to abandon his interest in the business." To make his findings still more explicit the master adds, "The scheme was fraudulent in its inception, and I have no doubt whatever that the respondents were confident, when the partnership articles were drawn, that something would develop which would enable them to retain" the amount "which the complainant had invested, and leave him without any adequate consideration therefor."

It is unnecessary to quote further except to say that after the partnership was formed its property was attached in fictitious or groundless actions instigated by the defendants in furtherance of the conspiracy, until, by a final attachment and levying of an execution in an action brought by the landlord of the premises for arrears of rent, the partnership after an existence of twenty-three days ceased to carry on business, and the plaintiff, who had satisfied the execution, having discovered the fraud practised upon him, sought redress by the present suit.

It is settled that, where one of the parties has been induced to enter into a contract of partnership through the false and fraudulent representations of the other party, the partnership can be declared void and a decree entered that the contract be cancelled, even if the misrepresentations would have been insufficient to sustain an action at law for deceit. *Smith* v. *Everett,* 126 Mass. 304. *Perry* v. *Hale,* 143 Mass. 540, 543. *Powell* v. *Cash,* 9 Dick. 218, affirmed in *Cash* v. *Powell,* 10 Dick. 826. *Newbigging* v. *Adam,* 34 Ch. D. 582. *Rawlins* v. *Wickham,* 1 Giff. 355, affirmed in 3 De G. & J. 304. And the court, having obtained jurisdiction, can give full relief by ordering the defendant to repay whatever sums the plaintiff may have contributed or expended in behalf of the partnership as well as to indemnify him for all liabilities arising out of the enterprise in which both were engaged. *Perry* v. *Pye,* 215 Mass. 403. *Richards* v. *Todd,* 127 Mass. 167.

The contract of partnership was voidable and not void. While the plaintiff has asked for an accounting, which rests on the affirmance of the contract, he also asks in the alternative for rescission, indemnity and damages, and the master's report fully establishes his right to relief on this ground, although he remains

liable to creditors who dealt with the firm. *Ginn* v. *Almy*, 212 Mass. 486, 493. *Cohoon* v. *Fisher*, 146 Ind. 583. *Hynes* v. *Stewart*, 10 B. Mon. 429, 432. *Bury* v. *Allen*, 1 Coll. 589, 607. The defendants, having acted in combination, are jointly and severally responsible for all moneys contributed or expended by the plaintiff in excess of what he received from the business, and can be compelled to furnish him with indemnity from all liability on outstanding partnership debts, including the rent accruing under the lease assigned to the partnership by the defendant Harry Lewis, and followed by attornment, the term of which apparently has not yet expired. *Richards* v. *Todd*, 127 Mass. 167, 173. *Braman* v. *Foss*, 204 Mass. 404. *United Zinc Co.* v. *Harwood*, 216 Mass. 474, 476. If the plaintiff had appealed, the rent could have been added to the amount in money with the payment of which the defendants have been charged.

Nor is the plaintiff barred, as the defendants contend, because he has not tendered the promissory note of Morris Lewis for $100 given for money lent to him on his pretence that without the loan he would be unable to raise his part of the capital. The master reports that the money was obtained pursuant to the defendants' scheme of fraud, and under such circumstances for reasons stated in *Arnold* v. *Maxwell*, 223 Mass. 47, 53, 54, a court of equity will grant leave to rescind, and will adjust the equities between the parties, even if the entire consideration cannot be restored in the form in which it was received. The substituted bill was filed after the note matured, and, while it cannot be maintained for a cause of action accruing after the filing of the original bill, the plaintiff is not estopped from proof of facts under the substituted or supplemental bill which tend to support the issue of fraud and to show the extent and nature of the transactions whereby it was successfully consummated. *McMurtrie* v. *Guiler*, 183 Mass. 451, 454, 455. But this defendant could not be required to make restitution for the amount of the loan unless protected from the contingency that the note which has been negotiated may be enforced by the holder. *Butler* v. *Gleason*, 214 Mass. 248, 253, 254.

The result is that the fifth clause of the decree is to be modified by eliminating the words "the execution and delivery by the plaintiff to the defendant, Morris Lewis, of an agreement, to be approved by the court, whereby the plaintiff shall agree to hold said Morris Lewis harmless from, and to indemnify him against,

liability upon the note for $100 given by said Morris Lewis to the plaintiff," and inserting in place thereof the words, "delivery to the clerk of this court for the use of the defendant Morris Lewis [of] the promissory note for $100 given by said Morris Lewis to the plaintiff, or upon filing a bond with sufficient sureties or surety to be approved by the court conditioned to indemnify and save harmless said Morris Lewis from all liability hereon," and as thus modified the decree is affirmed with costs.

*Ordered accordingly.*