FEDERAL NATIONAL BANK OF BOSTON *vs.* MAX SHOOLMAN.

Suffolk.   May 18, 1931. — June 24, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Corporation*, Officers and agents.  *Evidence*, Competency, Of agency, Of authority of officer of corporation.

At the trial of an action by a bank upon a promissory note payable to a trust company and not indorsed by it, there was evidence that the assets of the trust company were purchased by the plaintiff, that the note was among such assets and that one who was treasurer and vice-president of the trust company was put in charge thereof to carry on its business subject to the executive committee and directors; and there was admitted in evidence an instrument executed in the name of the trust company by such officer, purporting to act as its treasurer, and bearing its corporate seal, whereby certain of its property, including notes, was transferred to the plaintiff.  *Held*, that, the instrument being duly executed in the name of the trust company by its treasurer with its seal affixed, there was some evidence that the execution and delivery thereof had been authorized; and, in the absence of evidence to show that the instrument was not fully authorized by the stockholders or the directors of the trust company, it was not inadmissible for want of proof of authority of the officer to sign it in behalf of the trust company.

CONTRACT.   Writ dated July 20, 1928.

The action was heard without a jury in the Superior Court by *D. T. O'Connell*, J.   Material evidence is stated in the opinion.  The judge found for the plaintiff in the sum of $11,597.50.  The defendant alleged exceptions.

*C. F. Dunbar*, for the defendant.

*C. A. McCarron*, for the plaintiff.

CARROLL, J.   In this action on a promissory note of the defendant, payable to the Metropolitan Trust Company, there was a finding for the plaintiff.  It was found that

there was a good consideration for the note, that the Metropolitan Trust Company was a holder in due course, that it transferred the note to the Federal Trust Company for value, that the plaintiff is the successor of the Federal Trust Company under the laws of the United States. There was no indorsement on the note.

The assets of the Metropolitan Trust Company were purchased by the Federal Trust Company. The note in suit was among the assets of the Metropolitan Trust Company at the time of the purchase.

The defendant excepted to admission of the instruments showing the transfer of title from the Metropolitan Trust Company to the Federal Trust Company. These instruments, purporting to be executed by Harrie M. Richmond as treasurer of the Metropolitan Trust Company, transferred to the Federal Trust Company "all its cash, choses in action, . . . notes and bills receivable." The corporate seal of the Metropolitan Trust Company was attached to each of the documents and each was signed "Harrie [or H.] M. Richmond Treasurer." They were admitted in evidence, the defendant contending that it did not appear that the officers who signed the instruments on behalf of the Metropolitan Trust Company were at the time of signing such officers and had authority to sign in its behalf.

The documents in question indicated on their face that they were the corporate acts of the Metropolitan Trust Company. They were signed Metropolitan Trust Company by Harrie M. Richmond, Treasurer, and bore the seal of that company. The witness who kept the records of the Metropolitan Trust Company testified that these records were taken to the Federal Trust Company and were left in the custody of Harrie M. Richmond, who was treasurer and vice-president of the Metropolitan Trust Company. Richmond testified that in 1921 he became vice-president of the Metropolitan Trust Company; that he was put in charge of the bank, subject to the executive committee and directors, "to carry on the business of the bank."

The instruments were admitted properly. A deed duly executed in the name of the corporation by its treasurer,

with the seal of the corporation affixed, was some evidence that its execution and delivery had been authorized. *Bishop v. Burke,* 207 Mass. 133, 139. *Stauffer v. Koch,* 225 Mass. 525. *O'Brien* v. *O'Brien,* 238 Mass. 403, 410. *Chamberlain* v. *Bradley,* 101 Mass. 188, 190. It was said by Chief Justice Shaw in *Burrill* v. *Nahant Bank,* 2 Met. 163, 166, a "deed duly executed under the corporate seal of the bank, and produced by the party claiming under it, is *prima facie* a good title; and it is for those, who wish to set it aside, to impeach it." *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 282.

In the absence of evidence to show that the assignment to the Federal Trust Company was not fully authorized by the stockholders, or by the directors of the Metropolitan Trust Company, the instruments themselves with the signature of Richmond, who acted as treasurer and could have been found to be the treasurer, with the corporate seal affixed, warranted the finding of the judge in favor of the plaintiff.

*Exceptions overruled.*