**In re 1236 DEVELOPMENT CORPORATION.**

**Stephan M. RODOLAKIS, Chapter 11 Trustee, Appellant,**

v.

**Andrew CHERTOFF, Dr., Appellee,**

1236 Development Corporation, Debtor.

Civ. A. No. 94–30194–MAP.

United States District Court,
D. Massachusetts.

Jan. 24, 1995.

Carl D. Aframe, Law Office of Carl D. Aframe, Worcester, MA, for Stephan M. Rodolakis.

John F. Stocks, Murphy, McCoubrey, Murphy, St. Clair, Gelinas & Stocks, Chicopee, MA, for Dr. Andrew Chertoff.

*MEMORANDUM RE: BANKRUPTCY APPEAL*

PONSOR, District Judge.

I. *INTRODUCTION*

Before this court, pursuant to 28 U.S.C. § 158(a), is an appeal brought by Stephan M. Rodolakis ("Rodolakis"), Chapter 11 Trustee, seeking the reversal of a judgment by Judge Henry J. Boroff of the United States Bankruptcy Court for the District of Massachusetts. In granting summary judgment for defendant Chertoff, the Bankruptcy Court determined that the mortgage at issue was

valid and that recordation of corporate authority was not required. Appellant now seeks reversal of the Bankruptcy Court's decision. Upon review, and for the reasons set forth below, this court will affirm the Bankruptcy Court's findings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The undisputed facts are as follows.

The debtor, 1236 Development Corporation ("Corporation"), was formed by appellee, Andrew Chertoff ("Chertoff"). Chertoff was president and owned 50% of the stock in the Corporation. In December 1991, Chertoff advanced $350,000.000 to the Corporation, secured by a mortgage to Chertoff. This transaction was authorized by a vote of the Corporation's Board of Directors on November 25, 1991. On this date, Chertoff, as the Corporation's president, was given express authority to execute all necessary documentation for the mortgage. The mortgage was recorded at the Hampden County Registry of Deeds, solely by Chertoff without a certificate of corporate vote.

The Corporation filed for relief under Chapter 11 of the Bankruptcy Code on September 16, 1993. A certificate of vote was subsequently recorded at the Hampden County Registry of Deeds on June 28, 1994.

Plaintiff Rodolakis, as Chapter 11 Trustee, originally brought this action in Bankruptcy Court on behalf of the Corporation's creditors. He claimed that the defendant's interest in the corporation was defective because he did not file a certificate of vote. Judge Boroff found that the signature of one officer was sufficient and that the recordation of corporate authority was not required.

## III. STANDARD OF REVIEW

A district court reviews a bankruptcy court's judgment in the same manner in which a Court of Appeals reviews lower court proceedings. See In re DN Association, 3 F.3d 512, 515 (1st Cir.1993). Findings of fact shall not be set aside unless clearly erroneous. Conclusions of law are reviewed de novo. Id.; see Fed.R.Bankr. 8013.

## IV. DISCUSSION

This court is asked to decide whether the Bankruptcy Court correctly determined that the mortgage conveyed by 1236 Development Corporation to Dr. Chertoff was a valid grant of a security interest enforceable against third parties. More specifically, the court is asked to determine whether Massachusetts law requires a mortgage to be accompanied by a certificate of vote or signed by more than one officer.

Massachusetts law allows a single corporate officer to convey an interest in corporate property if that corporate officer is duly authorized to do so by the corporation's by-laws or by a vote of the corporation's Board of Directors. Lucey v. Hero International Corp., 361 Mass. 569, 572, 281 N.E.2d 266 (1972). In Massachusetts, a conveyance, even if signed by one officer, is entitled to a presumption of validity unless there is notice to the contrary. Federal National Bank v. Shoolman, 276 Mass. 191, 192, 176 N.E. 919 (1931).

Appellant relies on Stern v. Continental Assurance Co., 851 F.2d 502 (1st Cir.1988). In Stern, the court held that, under Vermont law, a mortgage deed which lacked the signature of one of two statutorily required witnesses was invalid on its face and could not serve as constructive notice to the future purchaser. Id. at 506. In contrast to Vermont law, there is no statutory requirement for two signatures in Massachusetts. Consequently, appellant's reliance on Stern is misplaced. Under Massachusetts law, there was no actual defect affecting the validity of the mortgage at issue here. The mortgage was granted in exchange for good consideration, was duly authorized by a vote of the Directors, and executed as authorized.

Moreover, Massachusetts does not require a certificate of vote to be filed. Dolan v. Airpark, Inc., 24 Mass.App. 714, 513 N.E.2d 213 (1987), citing Massachusetts Conveyers Association Title Standard No. 11 (1982) and Mendler, Massachusetts Conveyancers' Handbook § 5:5.04. In the instant action, it is not disputed that the mortgage was recorded at the Hampden County Registry of Deeds and that there was a corporate vote taken authorizing the president, Chertoff, to

**4**

execute a mortgage on behalf of the debtor corporation. Under Massachusetts law, this is a valid mortgage. *Id.; see* Mass.Gen.L. ch. 156B, § 115. An attorney may wish to record evidence of a signer's authority to execute a conveyance on behalf of a corporation, but this would merely be a courtesy, and failure to do so would not result in an invalid conveyance. As Judge Boroff clearly explained:

> [A] title examiner wishing to protect against some subsequent attack from a third party might want to have that certificate on record; ... But that doesn't mean that the validity of the mortgage or the deed is dependant on the recording of those documents. Prudence by a conveyancer is not the same thing as a precondition to validity.

*In re 1236 Development Corp.,* No. 93–41990–JFQ, transcript at 17 (D.Mass. July 18, 1994).

In conclusion, the Bankruptcy Court's decision that the mortgage was validly authorized and properly recorded was proper.

## V. *CONCLUSION*

For the foregoing reasons this court hereby AFFIRMS the Bankruptcy Court's July 18, 1994 Order granting summary judgment in favor of defendant.