David E. Shanahan, Receiver, Appellee, v. Edward E. Hattam et al., Defendants. Appeal of Edward E. Hattam and Lillian E. Hattam, Appellants.

Gen. No. 44,220.

Opinion filed February 16, 1948. Rehearing denied March 2, 1948. Released for publication March 2, 1948.

HARRY A. BIOSSAT, of Chicago, for appellants.

AARON SOBLE, of Chicago, for appellee.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Defendants appeal from an order reviving a judgment by confession entered against them.

On May 20, 1931, defendants executed a principal note to the Northwestern Trust and Savings Bank for the sum of $13,911.67, depositing as collateral thereto a junior trust deed and trust deed note (hereafter referred to as the mortgage note), executed by them in

the sum of $15,000. September 26, 1931, the receiver of the bank caused judgment by confession to be entered upon the principal note for $14,946.62. January 18, 1938, a successor receiver of the bank sold the mortgage note, and the trust deed securing it, for $526 and indorsed a credit of that amount upon the principal note. May 24, 1939, a decree of foreclosure of the junior trust deed securing the mortgage note was entered and defendants, who were served personally, were found to be personally liable on the mortgage note for $24,548.75. The property securing the mortgage note was sold under a decree, and July 18, 1939, the master's report of sale was approved and a deficiency decree entered against defendants for $8,185.62. April 14, 1944, an order was entered satisfying the deficiency decree against defendants in consideration of the conveyance of the title to the premises involved in the foreclosure suit to the holder of the deficiency decree. April 28, 1944, defendants filed their petition in the cause in which judgment by confession had been entered on the principal note, setting up the foregoing facts and alleging that, by reason of the payment and satisfaction of the debt represented by the mortgage note, the judgment of the principal note, being for the same debt as that represented by the mortgage note, should be satisfied. The successor receiver, answering this petition, admitted the allegations of fact but alleged that the defendants were guilty of laches in presenting the petition. While this petition was pending the successor receiver on August 26, 1946, assigned the judgment to R. L. Feltinton, who thereupon filed proceedings in the cause to revive the original judgment. Defendants answered this petition by alleging the same facts as were set up in their petition to satisfy the judgment. The assignee of the judgment admitted the facts set up in defendants' answer but insisted ''that the alleged payment of the indebtedness secured by the junior mortgage

does not bar the revival of the judgment entered herein; that on January 20, 1938, the note upon which judgment was confessed was given a credit in the amount of $526, being the proceeds of said sale of the collateral, and that the sale of said security does not bar any right of action for whatever remained due and unpaid on said note."

The question presented is whether the satisfaction of the decree in the foreclosure suit operated as a satisfaction or discharge of the judgment on the principal note. . The assignee of the judgment on the principal note purchased it when defendants' petition to satisfy the judgment was on file and pending. He stands in the shoes of the bank receiver, and the case must be determined as one between the receiver and the defendants.

The principal note and the mortgage note represent a single obligation of defendants: that is, payment of the amount owing on the principal note. No greater amount could be recovered by the bank or its assignee in the foreclosure suit. *Peacock v. Phillips*, 247 Ill. 467. When the receiver's assignee received through the foreclosure suit the full amount due on the mortgage note, being an amount equal to or in excess of the amount due on the judgment on the principal note, the obligation under the judgment was satisfied and the receiver was entitled to nothing. *Kesslar v. Sherman*, 281 Ill. App. 148, 154. The petition to revive the judgment should have been denied and the judgment should have been satisfied as requested by defendants.

The order is reversed and the cause remanded for further proceedings is conformity with this opinion.

*Reversed and remanded.*

FEINBERG and O'CONNOR, JJ., concur.